**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Erika Corral Dominguez,<br><br>   Plaintiff,<br><br>v.<br><br>Akator Business World LLC, et al.,<br><br>   Defendants. | No. CV-23-00364-TUC-SHR<br><br>**Order Denying Motions to Set Aside Entry of Default** |

Pending before the Court is Defendant Akator Business World LLC's Motion to Set Aside Entry of Default (Doc. 14) and its Amended Motion to Set Aside Entry of Default (Doc. 16).  For the reasons below, the Motions are denied.

A review of the record reflects the following: Plaintiff's Complaint was filed on August 3, 2023 (Doc. 1); Defendants Anthony Akator and Akator Business World, LLC (the "Defendants") signed a waiver of service on September 27, 2023 (Docs. 9, 10, 11 ¶ 4.); Defendants failed to timely respond to the Complaint; Plaintiff filed an "Affidavit in support of Default Judgment" against Defendants on December 4, 2023 (Docs. 11, 12); the Clerk entered default against Defendants on December 11, 2023 (Doc. 13); Defendant Akator Business World LLC filed a motion to set aside entry of default on December 19, 2023 (Doc. 14); and Plaintiff filed a response on December 22, 2023 (Doc. 15.).  Defendant Akator Business World LLC filed an amended motion to set aside entry of default on December 28, 2023 (Doc. 16) and Plaintiff responded on January 9, 2024 (Doc. 17).

Pursuant to Rule 55(c), this Court may set aside the default for good cause. *See* Fed. R. Civ. P. 55(c) ("The court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)."). To determine good cause, the Court considers: "(1) whether [the party seeking to set aside the default] engaged in culpable conduct that led to the default; (2) whether [it] had [no] meritorious defense; or (3) whether reopening the default judgment would prejudice the other party." *U.S. v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (cleaned up). "[A] finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default." *Id.*

Defendant Akator Business World LLC argues "through mistake, inadvertence, and excusable neglect, [it] failed to answer or otherwise appear . . . within the time allowed by law" and it "has a meritorious defense to Plaintiff's Complaint." (Doc. 14 at 1; Doc. 16 at 1.) Therefore, the entry of default should be set aside.

These arguments are made by Defendant Anthony Akator on behalf of Defendant Akator Business World LLC.[1] This is improper because "unincorporated associations must appear in court through an attorney." *D-Beam Ltd. P'ship v. Roller Derby Skates, Inc.*, 366 F.3d 972, 973–74 (9th Cir. 2004); *see also Theodore J. Hogan & Assocs., LLC v. Arizona Corp. Comm'n,* No. CV 11-01530-PHX-FJM, 2011 WL 4578344, at *2 (D. Ariz. Oct. 4, 2011) ("[A]n LLC cannot represent itself but must be represented by counsel").

Accordingly,

**IT IS ORDERED** Defendant Akator Business World LLC's Motion to set Aside Default (Doc. 14) is **DENIED** without prejudice.[2]

. . . .

. . . .

. . . .

---

[1] The Motions are signed by "Anthony Akator for Akator Business World LLC." (Doc. 14 at 2; Doc. 16 at 3.)

[2] Based on the pleadings, both parties appear to believe there has been an entry of default and default judgment in this case. (*See* Doc. 14 at 1; Doc. 15 at 2.) This is incorrect. There has only been an entry of default in this case (Doc. 13); not an entry of default judgment.

**IT IS FURTHER ORDERED** Defendant Akator Business World LLC's Amended Motion to set Aside Default (Doc. 16) is **DENIED** without prejudice.

Dated this 11th day of January, 2024.

Honorable Scott H. Rash
United States District Judge